**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JOYCE DAVIS,
Plaintiff-Appellant,

v.

VIRGINIA COMMONWEALTH
UNIVERSITY; MEDICAL COLLEGE OF
VIRGINIA; MICHAEL OLIVER,
individually and in his official
capacity as Nurse Manager, Virginia

No. 97-1452

Commonwealth University,
Defendants-Appellees,

and

AMY NECHAMKIN, individually and in
her official capacity as Office
Manager, Psychiatry Department,
Virginia Commonwealth University,
Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge.
(CA-96-496)

Argued: April 7, 1998

Decided: June 29, 1999

Before WIDENER and LUTTIG, Circuit Judges, and CHAMBERS,
United States District Judge for the Southern District of West
Virginia, sitting by designation.

_____

Vacated and remanded by published opinion. Judge Widener wrote the opinion, in which Judge Luttig and Judge Chambers concurred.

_____

**COUNSEL**

**ARGUED:** Sa'ad El-Amin, EL-AMIN & CRAWFORD, Richmond, Virginia, for Appellant. Pamela Finley Boston, Special Assistant Attorney General, Office of the General Counsel, VIRGINIA COMMONWEALTH UNIVERSITY, Richmond, Virginia, for Appellees. **ON BRIEF:** Beverly Crawford, EL-AMIN & CRAWFORD, Richmond, Virginia, for Appellant. Richard Cullen, Attorney General of Virginia, David L. Ross, Special Assistant Attorney General, Office of the General Counsel, VIRGINIA COMMONWEALTH UNIVERSITY, Richmond, Virginia, for Appellees.

_____

**OPINION**

WIDENER, Circuit Judge:

This case arises in the context of an action for disability discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, as well as 42 U.S.C. §§ 1983 and 1985. The district court denied Joyce Davis' Motion to File Second Amended Complaint. We vacate and remand.

Miss Davis filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on October 4, 1995 alleging discrimination on the basis of race. Then, on March 25, 1996, she filed a second charge of discrimination with the EEOC alleging discrimination based on race, sex, retaliation, and disability. The EEOC mailed Miss Davis a right to sue letter on her first charge of discrimination (race) on April 2, 1996.[1]  She, then, timely filed suit in the district court on June 21, 1996 stating causes of action for dis-

_____

[1] That dismissal described itself as referring to "Title VII and/or the Americans with Disabilities Act," and it referred only to charge number 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, that of October 4, 1995 (race).

2

crimination based on disability under the ADA, and race, 42 U.S.C. §§ 1981, 1983, and 1985, and common law torts. She filed her first amended complaint on November 12, 1996 which alleged disability discrimination, and violations of 42 U.S.C. §§ 1983 and 1985.

The EEOC did not mail a right to sue letter on the March 25, 1996 charge of disability and other discrimination until September 30, 1996.[2] Miss Davis claimed that she did not receive such letter until October 2, 1996. The defendant asserted that Miss Davis received the letter on October 1, 1996 based on the Postal Service's certified mail records. On December 31, 1996, Miss Davis filed a Motion to File Second Amended Complaint based on the second right to sue letter, which the defendant opposed.

The district court determined that Miss Davis received the second right to sue letter on October 1, 1996, and the 90-day statutory limitation period for filing a complaint in court expired on December 30, 1996. Consequently, the district court held that it lacked jurisdiction to hear the complaint contained in the second right to sue letter. Miss Davis then filed a motion to alter or amend the judgment, which the district court denied. On March 26, 1997, the district court entered a final order granting a stipulated dismissal. Miss Davis now appeals to this court.

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading is filed, "[a] party may amend the party's pleading only by leave of the court or by written consent of the adverse party; and such leave shall be freely given when justice so requires." Fed. R. Civ. Pro. 15(a). The disposition of a motion to amend is within the sound discretion of the district court, <u>Foman v. Davis</u>, 371 U.S. 178 (1962), and we review for abuse of that discretion.

Defendant correctly argues that the burden rests primarily on the plaintiff to amend the complaint, not upon the defendant to anticipate

_____

**2** The letter covers "one or more of the following laws . . . Title VII, . . . Age Discrimination . . ., Americans with Disabilities . . ., and/or Equal Pay . . . ." It referred to the second EEOC complaint No. 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, which was filed March 25, 1996. The dismissal, as before, referred to "Title VII and/or the Americans With Disabilities Act."

3

a new claim. <u>Deasy v. Hill</u>, 833 F.2d 38, 41 (4th Cir. 1987), <u>cert. denied</u>, 485 U.S. 977 (1988). Nevertheless, the plaintiff's second amended complaint did not state a new claim so as to be covered by the 90-day statute of limitations.

Miss Davis received the right to sue letter on the second EEOC charge (disability, etc.) on October 1, 1996. Thus, the 90 day statute of limitations began to run on October 1, 1996 and expired on December 30, 1996.[3] Nevertheless, Miss Davis filed her first amended complaint, alleging disability discrimination in violation of the ADA on November 12, 1996, before the 90-day statute of limitations expired. Upon the filing of the first amended complaint, easily within the 90-day period, the defendant was on notice of the claim, which is all that is required under the Federal Rules of Civil Procedure's notice pleading. <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957). The second amended complaint would only have updated the statement of facts included in the complaint to note the issuance of the right to sue letter.

Because the defendant, through the first amended complaint,[4] was on notice with regard to the disability discrimination claim and the second amended complaint merely added additionally obtained facts, the district court erred when it held that the 90-day statute jurisdictionally barred consideration of the second amended complaint. No other reason appears, or is given, to prevent the filing of the second amended complaint, so the same should be filed.

_____

[3] Before bringing a civil suit for an ADA violation, the aggrieved party must file a charge with the EEOC. <u>Dickey v. Greene</u>, 710 F.2d 1003, 1005 (4th Cir. 1983). If the EEOC does not take action within 180 days from the date of filing, the aggrieved party is entitled to notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1). Upon notification, i.e. a right to sue letter, the aggrieved party has 90 days to file suit. 42 U.S.C. § 2000e-5(f)(1).

[4] An answer to the first amended complaint was filed by VCU/MCV on December 3, 1996, which includes at least the following language in paragraph 5: " . . . Defendants admit that Plaintiff is an African American female who claims to have a disability and is a citizen of the United States."

Accordingly, the judgment of the district court is vacated and the case is remanded for further procedings not inconsistent with this opinion.

VACATED AND REMANDED