**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JONES ENGINEERING SALES,
INCORPORATED,
Plaintiff-Appellee,

v.

FAULKNER/BAKER AND ASSOCIATES,

No. 98-2011

INCORPORATED,
Defendant-Appellant,

and

LIEBERT CORPORATION,
Defendant.

JONES ENGINEERING SALES,
INCORPORATED,
Plaintiff-Appellant,

v.

FAULKNER/BAKER AND ASSOCIATES,

No. 98-2084

INCORPORATED,
Defendant-Appellee,

and

LIEBERT CORPORATION,
Defendant.

Appeals from the United States District Court
for the District of South Carolina, at Columbia.
Patrick Michael Duffy, District Judge.
(CA-95-1576-3-23)

Argued: September 23, 1999

Decided: October 26, 1999

Before WILKINS, NIEMEYER, and TRAXLER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Andrew Frederick Lindemann, DAVIDSON, MORRI-
SON & LINDEMANN, P.A., Columbia, South Carolina, for Appel-
lant. Daniel Tompkins Brailsford, ROBINSON, MCFADDEN &
MOORE, P.C., Columbia, South Carolina, for Appellee. **ON BRIEF:**
Charles H. McDonald, ROBINSON, MCFADDEN & MOORE, P.C.,
Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Faulkner and Baker Associates, Inc. ("Faulkner/Baker") appeals
from the district court's refusal to permit an amended answer raising
the statute of limitations as a defense. Jones Engineering Sales, Inc.
("Jones"), by cross appeal, complains of the court's refusal to incor-
porate a proffered charge into the court's jury instructions. We affirm.

I.

In the latter part of the 1980s and early 1990s, Jones and Faulk-
ner/Baker were manufacturer's representatives for Liebert Corpora-
tion ("Liebert"). Liebert manufactures power and air conditioning
systems for business and industrial use. Liebert assigned Faulk-

2

ner/Baker the upstate region of South Carolina, while Jones was given the Columbia and Charleston markets.

Due to poor performance in 1989, Liebert's southeast regional manager contemplated terminating Jones pursuant to the parties' Representative Agreement, which was essentially an at-will contract with a 30-day notice provision. Jones appealed to the upper echelons of Liebert's management and was afforded another opportunity to boost sales. Though Jones' performance improved initially, Jones' depressed sales again caught Liebert's eye.

In anticipation of making changes, Liebert requested that Faulkner/Baker prepare a marketing plan for Jones' South Carolina territory. In its December 16, 1991 marketing plan, Faulkner/Baker offered to replace Jones as the Liebert representative in the Columbia and Charleston markets and predicted that it could achieve a higher sales volume than Jones. In the marketing plan, Faulkner/Baker indicated that Liebert's reputation in Columbia and Charleston was "tarnished" because of Jones and that many customers did not want "`to do business with Jones Engineering.'" (J.A. at 352 & 357).

In February 1992 Liebert informed Jones that its low level of sales was "clearly not acceptable" and that Jones' performance had "declined over the past couple of years." (J.A. at 409). Jones received no more chances and a March 20, 1992 letter informed Jones that Liebert was terminating the Representative Agreement.

Jones filed suit in April 1995 in South Carolina state court against Faulkner/Baker and Liebert. The complaint alleged tortious interference with Jones' Liebert contract by Faulkner/Baker, wrongful termination by Liebert, unfair trade practices by Liebert, and civil conspiracy. Because of diversity of citizenship, see 28 U.S.C.A. § 1332 (West 1993 & Supp. 1998), the defendants removed the case to federal court, see 28 U.S.C.A. § 1441(a) (West 1994). Liebert raised the statute of limitations as an affirmative defense, but Faulkner/Baker raised no affirmative defenses.

In July 1995 the district court issued a consent order permitting Faulkner/Baker to amend its answer to raise the statute of limitations. At that time Faulkner/Baker was represented by two attorneys: one

3

assigned to the case by Faulkner/Baker's insurance company, and the other retained by Faulkner/Baker itself. The attorney provided by the insurance company later withdrew from representation because the carrier determined no coverage existed and at the same time the case, for administrative reasons, was transferred between judges. Apparently some confusion resulted on the part of the attorneys for Faulkner/Baker and the answer was never amended.

In October 1996, after discovering the marketing plan, Jones amended its complaint to assert against Faulkner/Baker claims for business defamation and violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"). In answering the amended complaint, Faulkner/Baker did not raise the statute of limitations.[1] Shortly after Jones amended its complaint, the court granted Liebert summary judgment, leaving Faulkner/Baker as the sole defendant.

In September 1997 the attorney originally assigned to the case by Faulkner/Baker's insurance company again became involved with the proceedings and realized the statute of limitations had not been raised. With jury selection but two months away, Faulkner/Baker moved to amend its answer. The district judge denied the motion, stating that Faulkner/Baker had been "dilatory" and that leave to amend would not be granted in the face of such delay when "all other parties have engaged in extensive discovery and pre-trial preparation during the interim under the justifiable assumption that the case would be going to trial." (J.A. at 109).

The case was eventually tried with three causes of action presented to the jury: defamation, intentional interference with contractual relations, and the SCUTPA. In crafting jury instructions regarding intentional interference with contractual relations, the district judge refused to charge Jones' Supplemental Instruction No. 35 which described proximate cause and averred that the defamation need not have been the sole cause of Jones' injury.

_____

[1] Under South Carolina law, an action for libel or slander must be brought within two years. See S.C. Code Ann.§ 15-3-550(1) (Law. Co-op. Supp. 1998).

4

Though Faulkner/Baker objected to only the contributing cause portion of the proffered instruction, the district judge rejected the entire instruction and did not charge the law on foreseeability. However, the district judge did charge that Jones "must show that but for the interference, the contractual relationship would have continued." (J.A. at 335). The jury returned a verdict of $50,000 in favor of Jones on the defamation claim, but returned defense verdicts on intentional interference with contractual relations and the SCUTPA. Faulkner/Baker moved for a judgment as a matter of law on the defamation claim and the motion was denied. Faulkner/Baker now appeals the district court's refusal to permit an amended answer raising the statute of limitations, and Jones cross appeals the district judge's refusal to charge Supplemental Instruction No. 35.

## II.

Faulkner/Baker claims that the district court erred in denying its motion to amend its answer to raise the statute of limitations as a defense. Recognizing that the trial court is in a superior position to make such a determination, we review the district court's decision for abuse of discretion. See Chaudhry v. Gallerizzo , 174 F.3d 394, 404 (4th Cir. 1999), petition for cert. filed, (U.S. July 6, 1999) (No. 99-5198); Davis v. Virginia Commonwealth Univ., 180 F.3d 626, 628 (4th Cir. 1999). Rule 15(a), in pertinent part, provides that when a party moves to amend a pleading, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). According to the Supreme Court:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be "freely given."

Foman v. Davis, 371 U.S. 178, 182 (1962). It is well settled in this circuit that delay unaccompanied by prejudice to the non-movant or attempted harassment "should not suffice as reason for denial" under Rule 15(a). Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir.

5

1980); see also Sweetheart Plastics, Inc. v. Detroit Forming, Inc., 743 F.2d 1039, 1044 (4th Cir. 1984). However, "[a]mendments near the time of trial may be particularly disruptive, and may therefore be subject to special scrutiny." Deasy v. Hill, 833 F.2d 38, 41 (4th Cir. 1987).

In the present case, Faulkner/Baker's delay was lengthy and inexcusable. Faulkner/Baker had three opportunities to raise the statute of limitations: (1) in its original answer, (2) after receiving the consent order, and (3) in its answer to the amended complaint. Though some confusion may have resulted at the time of the consent order when the attorney appointed by the insurance carrier withdrew from representation and the case was transferred between judges, this does not explain the other missed opportunities. The amended complaint alleging defamation (and the only ground on which the jury found for Jones) was filed in October 1996. After the passage of almost one year, and just two months before the scheduled trial date, Faulkner/Baker finally moved to amend its answer to assert the statute of limitations. The district court rightly found that Faulkner/Baker's conduct was "beyond dilatory in seeking to assert its statute of limitations defense." (J.A. at 108).

Evidence of prejudice to Jones is also abundant. **2** The statute of limitations was not raised to the defamation cause of action until Faulkner/Baker moved to amend its answer in September 1997. The co-defendant, Liebert, did raise the statute of limitations when it answered Jones' original complaint, but the original complaint made no mention of defamation. Moreover, once Jones alleged business defamation, the cause of action was directed at Faulkner/Baker, not Liebert. As Liebert was granted summary judgment shortly after the amended complaint was filed, Faulkner/Baker cannot argue that Jones was on notice of the statute of limitations defense as to defamation because of Liebert's answer to the original complaint. See National

_____

**2** We reject Faulkner/Baker's contention that the district court abused its discretion by failing to specifically state that Jones would suffer prejudice. "As long as its reasons are apparent in the record, a district court's failure to articulate grounds for its denial of leave to amend does not amount to an abuse of discretion." National Bank of Washington v. Pearson, 863 F.2d 322, 328 (4th Cir. 1988).

6

Bank of Washington v. Pearson, 863 F.2d 322, 328 (4th Cir. 1988) (noting that because the answer did not assert privilege, plaintiff would not have devoted legal resources to researching the privilege issue); Deasy, 833 F.2d at 41 (rejecting plaintiff's contention that defendant had notice of negligence claim that was not pled because plaintiff's expert had earlier indicated defendant was negligent). As amendments made on the eve of trial and after the completion of discovery can be "particularly disruptive," Deasy, 833 F.2d at 41, and Jones had no reason to devote legal resources to countering the statute of limitations defense, Jones would have suffered prejudice had Faulkner/Baker been given leave to amend its answer at a date so close to the scheduled trial. In light of the amount of evidence indicating undue delay as well as prejudice to Jones, the district court did not abuse its discretion in denying Faulkner/Baker's motion to amend.[3]

III.

Jones cross appeals claiming that the district court erred in refusing to charge Supplemental Instruction No. 35.[4] "We must determine whether the district court's instructions, construed as a whole, properly informed the jury of the controlling legal principles without misleading or confusing the jury to [Jones'] prejudice." Hartsell v. Duplex Prods., Inc., 123 F.3d 766, 775 (4th Cir. 1997); see also Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1294 (4th Cir. 1995). Jones' Supplemental Instruction No. 35 provided:

For an act to be a proximate cause of an injury, the injury

_____

[3] Faulkner/Baker also asks the court for judgment as a matter of law based on the statute of limitations. Because this affirmative defense was never pled, see Fed. R. Civ. P. 8(c), and the district court did not abuse its discretion in denying the amendment to Faulkner/Baker's answer, we decline to so rule.

[4] Jones did not move for a new trial after the verdict. Though the better remedy to correct an erroneous jury instruction is a motion for a new trial, see Martin v. Cavalier Hotel Corp., 48 F.3d 1343, 1349-50 n.2 (4th Cir. 1995), this court will review denials of instructions so long as the refusal to charge was duly objected to and preserved in the record, see United States v. Mountain State Fabricating Co., 282 F.2d 263, 265 (4th Cir. 1960).

7

must be a foreseeable consequence of the act. The test of foreseeability is whether some injury to another is the natural and probable consequence of the complained of act. However, the act need not be the sole cause of the injury. It is enough that the act was a contributing cause to the injury.

(J.A. at 347). Though Faulkner/Baker objected to only the last two sentences of the jury instruction regarding "sole cause," the district court rejected the entire charge and did not charge at all on foreseeability. The crux of the proffered instruction was to advise the jury that the defamation need not have been the sole cause of the injury to Jones insofar as sales performance also could have figured in Liebert's decision. Jones reasons that because the jury returned a verdict for $50,000 on the defamation cause of action, the jury awarded general damages for injury to reputation.[5] Jones further argues that the jury's failure to return a plaintiff's verdict on intentional interference with contractual relations, after the jury found the business plan defamatory, indicates that the jury did not find the defamation to be the sole cause of the injury. Thus, Jones believes that it was unduly prejudiced.

In charging causation regarding intentional interference with contractual relations, the district judge instructed the jury that "[t]he alleged act of interference must influence, induce or coerce . . . one of the parties to the contract to abandon the relationship or breach the contract. In other words, the plaintiff must show that but for the interference, the contractual relationship would have continued." (J.A. at 335). At the beginning of trial, Jones essentially previewed the court's charge when its attorney admitted that "[w]e have the burden, under tortious interference, to prove that but for the defendant's acts Mr. Jones' company would not have been terminated." (J.A. at 124). In light of South Carolina law and viewing the jury instructions as a whole, Jones was not prejudiced by the court's refusal to charge Supplemental Instruction No. 35. Under South Carolina law, if Jones' contract would have been terminated anyway because of poor sales performance, the defamation in the marketing plan could not have

_____

**5** The verdict form did not differentiate between general and special damages.

sustained a plaintiff's verdict for tortious interference. See Smith v. Citizens and S. Nat'l Bank, 128 S.E.2d 112, 114 (S.C. 1962) (holding that bank's alleged interference with contract between creditor and debtor by demanding that debtor issue check jointly to creditor and bank was not causally connected to debtor's refusal to pay which resulted solely from debtor's own volition); Bocook Outdoor Media, Inc. v. Summey Outdoor Adver., Inc., 363 S.E.2d 390, 394 (S.C. Ct. App. 1987) (stating that "plaintiff must show that, but for the interference, the contractual relationship would have continued"), overruled on other grounds, O'Neal v. Bowles, 431 S.E.2d 555 (S.C. 1993); see also F. Patrick Hubbard & Robert L. Felix, The South Carolina Law of Torts 381 (2d ed. 1997) (examining South Carolina law and concluding that "where there is no breach or where the breach would have occurred anyway, then there is no cause of action"). Though the district court should have instructed the jury on foreseeability, in the context of the overall charge and based on the record as a whole, the charge "properly informed the jury of the controlling legal principles without misleading or confusing the jury to [Jones'] prejudice." Hartsell, 123 F.3d at 775.

IV.

For the foregoing reasons, we conclude that the district court did not abuse its discretion in denying Faulkner/Baker's motion to amend. Moreover, based on the record as a whole and the overall charge, the district court did not commit reversible error in its refusal to instruct the jury in accordance with Jones' Supplemental Instruction No. 35.

AFFIRMED

9