UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

E. I. DuPont De Nemours &
Company,
              *Plaintiff-Appellee,*

v.

Andrew D. Park,
              *Defendant-Appellant,*

and

Park Technology, Incorporated,
              *Defendant.*

No. 01-2044

E. I. DuPont De Nemours &
Company,
              *Plaintiff-Appellee,*

and

3Tex, Incorporated,
              *Plaintiff,*

v.

Andrew D. Park,
              *Defendant-Appellant,*

and

Park Technology, Incorporated,
              *Defendant.*

No. 02-1328

Appeals from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-01-451-3)

Argued: June 3, 2002

Decided: August 1, 2002

Before WIDENER and TRAXLER, Circuit Judges, and
Joseph R. GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Derrick Edward Rosser, DERRICK E. ROSSER, P.C.,
Ashland, Virginia, for Appellant. Elizabeth Butterworth Stutts,
MCGUIREWOODS, L.L.P., Richmond, Virginia, for Appellee. **ON
BRIEF:** Thomas M. Beshere, MCGUIREWOODS, L.L.P., Rich-
mond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

In August 1998, the appellant, Andrew D. Park, entered into a con-
tract with the United States Navy to supply it with military flak vests.
Park arranged for E. I. DuPont de Nemours (DuPont) to supply ballis-
tic material for use in manufacturing the vests. A dispute arose when
Park stopped paying DuPont for the ballistic material it supplied, and
DuPont responded by refusing to continue shipping fabric. Park then
diverted to his attorney's trust account payments from the Navy,
which were supposed to be delivered in part to DuPont. DuPont sued

Park, and Park countersued for tortious interference. The district court granted summary judgment in favor of DuPont, and dismissed Park's counterclaims. For the reasons stated below, we affirm.

## I.

We review an award of summary judgment de novo. *JKC Holding Co. v. Washington Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001). Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56(c). In reviewing an award of summary judgment, we view the facts in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## II.

Park first contends that the district court erred in granting summary judgment in favor of DuPont on his claim for tortious interference with a business expectancy. In early 2001, Park had engaged in business discussions with Glen Raven, a North Carolina corporation, about assigning his unrelated patent rights to the company. Glen Raven eventually decided not to do business with Park. In his counterclaim, Park asserted that DuPont tortiously interfered with the business expectancy, relying solely on his contention that DuPont representatives threatened Glen Raven that it would not sell its Kevlar fiber to Glen Raven if the company hired Park.

We find that Park did not establish the necessary elements of tortious interference under Virginia law. *See Maximus, Inc. v. Lockheed Info. Mgmnt. Sys. Co.*, 493 S.E.2d 375, 378 (Va. 1997) (setting forth the elements of the tort under Virginia law). Park failed to show that a business expectancy existed at the time of the alleged threatening statements. The only evidence he offered was a letter of intent written by Glen Raven and mailed nearly two weeks after the alleged interference took place. That is, according to Park's own evidence, the business expectancy arose *after* the alleged interference. Second, Park failed to show that DuPont used improper means of interference. The

affidavits simply do not support a finding that threats or otherwise improper statements were made. Finally, Park failed to show that DuPont's actions caused his loss.

Park next asserts that the district court erred in dismissing his breach of contract claim. He argues that there is a material factual dispute as to whether DuPont agreed to supply Park with all of the fabric ordered under the Navy contract. He asserts the existence of a contract by way of incorporating the terms under the Navy contract. According to Park, the payment schedule incorporated the terms of the Navy contract because the Navy contract was attached to it. Park's argument, however, fails to deal with dispositive issues of contract enforceability under Virginia law.

To satisfy Virginia's Statute of Frauds, Park needed to provide evidence of a contract for the sale of the fabric, signed or authenticated by DuPont, *specifying a quantity of fabric*. Va. Code Ann. § 8.2-206 (Michie 2002). Neither the payment schedule nor the Navy contract indicates the quantity of fabric to be sold; the Navy contract merely references the quantity of vests to be sold. Thus, even if a contract existed between DuPont and Park, it is not enforceable because there is no writing reflecting a specific agreement as to the quantity of Kevlar fabric to be supplied by DuPont.

Park also failed to establish a requirements contract, an alternative to satisfying the statute of frauds, in which a specific quantity is not necessary. *See Barber & Ross Co. v. Lifetime Doors, Inc.*, 810 F.2d 1276, 1280-81 (4th Cir. 1987). Park offered no evidence of a requirements contract with DuPont, aside from his own unsubstantiated affidavit stating that DuPont had verbally agreed to fulfill all of Park's Kevlar needs for the Navy contract. More than this blanket assertion is required to prevail on a motion for summary judgment. *See Barwick v. Celotex Corp.*, 736 F.2d 946, 960 (4th Cir. 1984).

Park also argues that the district court erred in denying his request to amend his counterclaim and in awarding DuPont prejudgment interest. As to the denial of his motion to amend, we find that the district court did not abuse its discretion. *See Davis v. Virginia Commonwealth Univ.*, 180 F.3d 626, 628 (4th Cir. 1999). With respect to the prejudgment interest, state law applies in determining the rate of

interest in diversity suits. *Amoco Transport Co. v. Dietze, Inc.*, 582 F. Supp. 804, 808 n.5 (S.D.N.Y. 1984). Under Virginia law, where there is no jury verdict, the court has discretion in determining when interest accrues. Va. Code Ann. §§ 8.01-382 (Michie 2002); *Hannon Armstrong & Co. v. Sumitomo Trust & Banking Co.*, 973 F.2d 359, 369 (4th Cir. 1992). We find that the district court did not abuse its discretion in awarding DuPont prejudgment interest at the rate of 9%.

For the reasons stated above, we affirm.

*AFFIRMED*