PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

SARAH HARLESS, Personal
representative of Edward Lewis and
administratrix of his estate,
            *Plaintiff-Appellee,*

v.

CSX HOTELS, INCORPORATED, a/k/a
The Greenbrier Hotel,
            *Defendant-Appellant.*

No. 03-2433

Appeal from the United States District Court
for the Southern District of West Virginia, at Beckley.
Robert C. Chambers, District Judge.
(CA-03-132-5)

Argued: September 30, 2004

Decided: November 16, 2004

Before WILKINS, Chief Judge, MOTZ, Circuit Judge,
and Henry E. HUDSON, United States District Judge
for the Eastern District of Virginia,
sitting by designation.

Affirmed by published opinion. Judge Hudson wrote the opinion, in
which Chief Judge Wilkins and Judge Motz joined.

## COUNSEL

**ARGUED:** John Robert Hunt, SHEA, STOKES & CARTER, A.L.C.,
Atlanta, Georgia, for Appellant. Weldon Mark Burnette, BURNETTE

& BURNETTE, Lewisburg, West Virginia, for Appellee. **ON BRIEF:** Arch Stokes, SHEA, STOKES & CARTER, A.L.C., Atlanta, Georgia, for Appellant.

---

**OPINION**

HUDSON, District Judge:

CSX Hotels, Incorporated, d/b/a The Greenbrier Hotel ("The Greenbrier"), appeals an Order of the district court remanding this case back to state court, after granting a second amendment of the Complaint which intentionally eliminated all federal claims. The Greenbrier contends that the district court erred in remanding the case because the claims which remained in the Complaint after the second amendment were preempted by operation of Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a). Finding no abuse of discretion, we affirm.

CSX Hotels, Incorporated operates The Greenbrier Hotel in White Sulphur Springs, West Virginia. Appellee, Sarah Harless, brought this action on behalf of her deceased father, Edward Lewis, who, until terminated, was employed as a general kitchen worker at The Greenbrier from May 2000 to January 2001. His position was part of the bargaining unit represented by the Hotel and Restaurant Employees International Union. Consequently, his employment was covered by a collective bargaining agreement ("CBA") between the Union and The Greenbrier at the time of his termination. Harless contends that her father was terminated because of his age, disability, and the fact that he had filed a workers' compensation claim. The Greenbrier, on the other hand, maintains that it terminated Mr. Lewis's employment because he had exceeded the maximum number of absences permitted under the no-fault absenteeism provisions of the CBA. Harless disputes this claim and counters that it is a mere pretext. Mr. Lewis died before this action was commenced.

Harless filed her initial Complaint on January 16, 2003 in the Circuit Court of Greenbrier County, West Virginia. As originally drafted, the Complaint alleged eight causes of action: wrongful discharge

from employment; breach of contract; wrongful death; fraud; constructive fraud; outrageous and unconscionable conduct; intentional infliction of emotional distress; and breach of duty of good faith and fair dealing.

On February 18, 2003, The Greenbrier filed a Notice of Removal to federal court on the ground that Harless's claims were preempted by Section 301 of the LMRA. Harless subsequently filed a motion in the United States District Court for the Southern District of West Virginia for leave to amend her Complaint, by removing all references to the CBA and all causes of action that would require interpretation of the agreement. She also filed a Motion to Remand.

The district court granted Harless's motion to amend. The Amended Complaint contained six counts: wrongful discharge from employment; wrongful death; constructive fraud; outrageous and unconscionable conduct; intentional infliction of emotional distress; and breach of duty of good faith and fair dealing. The district court, however, denied Harless's Motion to Remand, finding that the breach of duty of good faith and fair dealing claim was federally preempted. The district court also ordered Harless to clarify her constructive fraud and wrongful discharge claims.

On June 24, 2003, Harless filed a request for leave to further amend her Complaint. It was accompanied by a proposed Second Amended Complaint and a Renewed Motion to Remand. In her Second Amended Complaint, Harless eliminated the claims for constructive fraud and for breach of duty of good faith and fair dealing. The Second Amended Complaint also contained language that the "wrongful discharge claim was based on the West Virginia Human Rights Act" and "any law that prohibits the termination of employment due to an employee's act of filing a workers' compensation claim." Harless continued to maintain that age and disability were the reasons for her father's termination.

The district court granted Harless's motion to amend and permitted her to file the Second Amended Complaint. The Second Amended Complaint contained only four causes of action based entirely on state law. Finding that her amendments to the Complaint were not

undertaken in bad faith, the district court granted Harless's Motion to Remand.

The Greenbrier contends, on appeal, that the district court abused its discretion by permitting Harless to make repeated amendments to her pleadings for the sole purpose of avoiding federal preemption and federal jurisdiction. The Greenbrier further maintains that, even without Harless's claim for breach of duty of good faith and fair dealing, the other state law claims are federally preempted. The Greenbrier reasons that Harless's only evidence in support of her claims of age and disability discrimination will necessarily consist of an attempt to discredit The Greenbrier's application of the absenteeism provisions of the CBA.

According to The Greenbrier, in order to determine whether or not its conduct was lawful under state law, it would require the trier of fact to determine whether the company had the right under the CBA to terminate Mr. Lewis. Even though the remaining state law claims are not based on the LMRA, The Greenbrier maintains that resolution of the claims will inevitably require an interpretation of the CBA. Therefore, The Greenbrier argues that the claim is preempted by Section 301 of the LMRA. *See McCormick v. AT & T Technologies, Inc.*, 934 F.2d 531, 534-35 (4th Cir. 1991). This Court disagrees.

This Court reviews a district court's ruling on a motion to amend for abuse of discretion. *Davis v. VCU*, 180 F.3d 626, 628 (4th Cir. 1999), citing *Foman v. Davis*, 371 U.S. 178, 182 (1962). The language of Federal Rule of Civil Procedure 15(a) has been construed to counsel a liberal reading of its application. Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed. *See Ward Elec. Serv., Inc. v. First Commercial Bank*, 819 F.2d 496, 497 (4th Cir. 1987). The Greenbrier argues that the district court abused its discretion in granting the successive motions to amend because their specific articulated objective was to defeat federal jurisdiction and avoid federal preemption. The Greenbrier also challenges the district court's finding that Harless's successive motions to amend were not made in bad faith. In The Greenbrier's view, allowing Harless to amend the Complaint to avoid federal jurisdiction and to enable remand violate the rule espoused by

this Court in *Brown v. Eastern States Corp.*, 181 F.2d 26, 28-29 (4th Cir. 1950).

In *Brown*, this Court held that under the law then in existence, post-removal amendments to a complaint, which have the effect of eliminating federal questions, do not enable remand. If the original complaint was sufficient to vest jurisdiction in the federal courts, the case should not be remanded "if it was properly removable upon the record as it stood at the time the petition for removal was filed." *Id.* at 29. A careful reading of *Brown* does not appear to proscribe amendments to complaints which have the effect of eliminating federal claims. The vice addressed in *Brown* was the granting of a motion to remand based on such an amendment. The court in *Brown* merely stated that subject matter jurisdiction is not divested from the district court when the federal claims are dismissed from the complaint. *Id.* at 28-29.

In the immediate case, the district court stated that Harless had mixed motives in moving to amend the Complaint. While Harless clearly wanted to avoid federal court, she also had substantive reasons for amending the pleadings. Her counsel candidly represented to the Court that in drafting the Complaint, he never intended to allege a federal claim. It was his intention to allege a claim based solely on state law. Counsel confirmed that position in his argument before this Court.

This Court believes that *Brown* is distinguishable from the case at hand. Here, Harless had a substantive and meritorious reason to amend the Complaint other than simply defeating federal jurisdiction. Once the district court found the amendment to be made in good faith, the decision to remand to state court resided within the discretion of the trial court. When a district court relinquishes jurisdiction over a removed case involving pendent claims, the Court has the discretion to remand the case to the state court in which the action was initially filed. *Carnegie-Mellon University, et al. v. Cohill*, 484 U.S. 383, 349-51(1988).

The reasoning underlying *Brown* is clearly in tension with the holding in *United Mine Workers of America v. Gibbs*, 343 U.S. 715 (1966). In explaining the perimeters of pendent jurisdiction, the Court noted in *Gibbs*:

It has consistently been recognized that pendent jurisdiction is a doctrine of discretion, not of plaintiff's right. Its justification lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims, even though bound to apply state law to them, *Erie R. Co. v. Tompkins*, 304 U.S. 64. Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. Similarly, if it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals. There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong.

383 U.S. at 726-27.

Are the state claims in the case at hand "so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong"? The Greenbrier maintains that even if the Complaint is cleansed of all federal claims, the case is still subject to preemption.

The remaining state law claims, The Greenbrier argues, cannot be resolved without reference to the CBA, because it is central to the definition of "wrongful" conduct on the employer's part. The Greenbrier submits that Harless's state law claims raise unavoidable federally preempted labor issues, because The Greenbrier's defense will be that Mr. Lewis was terminated for violating the absentee provisions of the CBA, not because of his age, disability, or workers' compensation claim. Therefore, under the holding in *McCormick v. AT & T Technologies, Inc.*, 934 F.2d 531(4th Cir. 1991), the claims are preempted by Section 301 of the Labor Management Relations Act.

In *McCormick*, this Court held that a state law claim of intentional infliction of emotional distress, coupled with other related state law claims arising from the "disposing of the contents of [plaintiff's] locker" by management, necessarily implicated the collective bargaining agreement and hence triggered federal preemption. The Court reasoned that "[w]hether the actions of management personnel in disposing of the contents of McCormick's locker were in any way wrongful simply cannot be determined without examining the collective bargaining agreement to ascertain the extent of any duty AT & T may have owed him." 934 F.2d at 536.

However, we have also explained that, "[d]espite the considerable breadth of our opinion in *McCormick*," the LMRA does *not* preempt intentional infliction of emotional distress claims that allege the distress was caused by discriminatory conduct that could not be condoned by a CBA. *Jackson v. Kimel*, 992 F.2d 1318, 1326 (4th Cir. 1993) (finding LMRA did not preempt emotional distress claim alleging sexual harassment). Similarly, the Supreme Court and this Court have recognized that Section 301 does not preempt a claim alleging discriminatory discharge when, as here, the claim turns on the employer's motivation for firing the plaintiff, a question of fact that does not depend on an interpretation of the CBA. *See*, *e.g.*, *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988) (finding LMRA did not preempt claim of retaliatory discharge); *Owen v. Carpenters' Dist. Council*, 161 F.3d 767, 775 (4th Cir. 1998) (finding LMRA did not preempt plaintiff's claim that she was fired for rebuffing her supervisor's sexual advances and complaining of the harassment).

During oral argument in this case, counsel for Harless was specifically asked by the Court whether he intended to rely on the CBA in proving his claims. He emphatically represented that his claims were based solely on the West Virginia Human Rights Act and the West Virginia Workers' Compensation Act and that he had no intention of referring to the CBA. The district court obviously credited this representation. Viewed on its face, the claims in the Complaint are couched purely in terms of state anti-discrimination law. It is the defendant's response that adds the federal flavor. In *McCormick*, this Court restated the analytical boundaries controlling the application of preemption in cases arguably implicating Section 301. "[A]s long as

the state-law claim can be resolved without interpreting the agreement itself, the claim is 'independent' of the [collective bargaining] agreement for § 301 pre-emption purposes." *Id.* at 535.

The possibility that Harless would have to resort to reference to the CBA to demonstrate wrongfulness is speculative at best. It certainly is not evident from the face of the Complaint, which is the determinative test. Thus, the only potential for federal preemption comes in the form of an affirmative defense.

A defendant cannot convert a state law claim into one preempted under federal law by merely injecting a defense that may require analysis of a collective bargaining agreement. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987).

> [T]he presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule, that the plaintiff is the master of the complaint, that a federal question must appear on the face of the complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court . . . But a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. *Id.*

This Court has consistently held that the presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint without consideration of any potential defenses. *Aetna Health, Inc. v. Davila*, 124 S. Ct. 2488, 2494 (2004). Thus, based on the Second Amended Complaint in this case, there is no federal preemption of the remaining state law claims.

For the foregoing reasons, we hold that the district court did not abuse its discretion in granting Harless's motions to amend her Complaint and by remanding the case to state court.

*AFFIRMED*