**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1455**

TERRI L. SWITZER,

        Plaintiff – Appellant,

THOMAS L. SWITZER,

        Movant – Appellant,

    and

E.B., A Minor; H.B., A Minor,

        Plaintiffs,

    v.

CREDIT ACCEPTANCE CORPORATION,

        Defendant – Appellee,

    and

L & K RECOVERY,

        Defendant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Samuel G. Wilson, District Judge. (5:09-cv-00042-sgw-jgw)

Submitted: July 14, 2010        Decided: July 30, 2010

Before NIEMEYER, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

---

Terri L. Switzer, Thomas L. Switzer, Appellants Pro Se. Barry Dorans, Stephen Patrick Pfeiffer, WOLCOTT, RIVERS & GATES, Virginia Beach, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Switzer appeals the district court's order denying his motion for joinder. Terri Switzer appeals the district court's order denying her Fed. R. Civ. P. 60(b) motion for reconsideration. For the reasons that follow, we affirm.

Terri Switzer filed a complaint in the district court against Credit Acceptance Corporation ("Credit Acceptance") alleging violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 (2006) ("FDCPA") and asserting state law claims stemming from the repossession of a vehicle purchased by her husband, Thomas Switzer. Thomas Switzer previously brought a similar action against Credit Acceptance, though his claims were ultimately submitted to binding arbitration pursuant to an arbitration agreement. Switzer v. Credit Acceptance Corp., No. 5:08-cv-00071 (W.D. Va. Sept. 2, 2009). Following the district court's grant of summary judgment in favor of Credit Acceptance in the underlying case, Thomas Switzer filed a motion for joinder and a motion for reconsideration. The district court denied Thomas Switzer's motion for joinder, and liberally construed his motion for reconsideration as Terri Switzer's.

Thomas Switzer argues on appeal that the district court erred in denying his motion for joinder. We review for abuse of discretion. See Watson v. Blankinship, 20 F.3d 383, 389 (10th Cir. 1994); see also National Union Fire Ins. Co. v.

3

Rite Aid of S.C., Inc., 210 F.3d 246, 250 (4th Cir. 2000) (district court's order joining necessary party is reviewed for abuse of discretion); Davis v. Va. Commonwealth Univ., 180 F.3d 626, 627 (4th Cir. 1999) (district court's order denying motion to amend is reviewed for abuse of discretion).

Thomas Switzer's claims had already been ruled upon in arbitration by the time he moved for joinder. Thus, we find the district court did not abuse its discretion in concluding that Switzer could not attempt to relitigate his own claims by claiming the right to join his spouse's case.

Terri Switzer challenges the district court's denial of her Fed. R. Civ. P. 60(b) motion for reconsideration. We have reviewed the record and finding no error, we affirm for the reasons stated by the district court. Switzer v. Credit Acceptance Corp., No. 5:09-cv-00042-sgw-jgw (W.D. Va. Apr. 7, 2010). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4