Rebecca Beach Smith, Chief Judge
This matter comes before the court on the Motion to Remand ("Motion") and Memorandum in Support, filed by Plaintiff Village Builders on the Bay, Inc. ("Village Builders"). ECF Nos. 5, 6. For the reasons below, the Motion is GRANTED .
I. FACTUAL AND PROCEDURAL HISTORY
On April 3, 2018, Village Builders filed a complaint in the Circuit Court for the County of Northampton, Virginia, against Defendants Shawn Cowling; SC Cowling Contracting, LLC ("Cowling Contracting"); Laurina Watson; and Matthew Watson. Compl., ECF No. 1-1. The Complaint alleges that Village Builders, a contractor, developed house plans, detailed specifications, and itemized costs (collectively, "Plans") to build a residence for Laurina and Matthew Watson ("the Watsons"). Compl. ¶¶ 9, 12. After agreeing to hire Village Builders, the Watsons gave Mr. Cowling, the owner and managing member of Cowling Contracting, a copy of the Plans developed by Village Builders. Id. ¶¶ 3, 17, 20-23. Mr. Cowling used the Plans to contract with the Watsons on behalf of Cowling Contracting, in order to build them a residence for a lesser price. Id. ¶¶ 20-30. Based upon these allegations, the Complaint alleged six counts:
Count One: Statutory Business Conspiracy to Tortiously Interfere with Village Builders' Business Expectancy;
Count Two: Tortious Interference with Village Builders' Business Expectancy Against Cowling and Cowling Contracting;
Count Three: Statutory Business Conspiracy to Infringe on Village Builders' Common Law Copyrights;
Count Four: Common Law Copyright Infringement;
Count Five: Misappropriation of Village Builders' Trade Secrets; and
Count Six: Unjust Enrichment
On May 16, 2018, the Defendants filed a Notice of Removal removing this case based on federal question jurisdiction, claiming that the common law copyright infringement claim was "subject to the sole jurisdiction of the federal courts under 28 U.S.C. § 1338(a)." Notice of Removal ¶¶ 1-2, ECF No. 1; see 17 U.S.C. § 301(a) (requiring certain common law or state law claims to be preempted by the Copyright Act). On May 23, 2018, Village Builders filed both an Amended Complaint dropping Counts Three and Four of the original Complaint, ECF No. 4, and the instant Motion.
On June 6, 2018, the Defendants filed a "Joint Reply in Opposition to Plaintiff's *627 Motion to Remand" ("Defendants' Opposition"), ECF No. 8; a joint Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b) (6), ECF No. 7; Answers to the Amended Complaint, ECF Nos. 9, 10; and a Counterclaim against Village Builders, ECF No. 11.[1] On June 12, 2018, Village Builders filed a Reply to the Defendants' Opposition ("Plaintiff's Reply"). ECF No. 14. On June 20, 2018, Village Builders responded to the Defendants' Motion to Dismiss ("Plaintiff's Opposition"). ECF No. 15. The Motion to Remand is now ripe for review.
II. Analysis
Village Builders requests a remand of the matter to the Circuit Court for Northampton County because the Amended Complaint eliminates the two counts involving copyright infringement, which were the basis for subject matter jurisdiction upon removal. Mem. Supp. ¶¶ 4-5. Without the copyright infringement claims, Village Builders argues that the court "retains only supplemental jurisdiction over the remaining state law claims." Id. ¶ 5 (citing Gold Leaf Land Tr. v. Bd. of Supervisors, No. 301cv00047, 2002 WL 982375, at *8 (W.D. Va. May 14, 2002) ("[R]emoval is not per se defeated by the filing of an amended complaint which deletes the federal claim.") ). Village Builders argues that the court should, in its discretion, remand the remaining state law claims to state court. Id. ¶¶ 7-12.
A. Subject Matter Jurisdiction
"The district courts of the United States are courts of limited subject matter jurisdiction." United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (citing Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) ). They possess only the jurisdiction authorized by the United States Constitution and by federal statute. Exxon Mobil Corp., 545 U.S. at 552, 125 S.Ct. 2611. Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over federal questions, which consist of "all civil actions arising under the Constitution, laws, or treaties of the United States."
When relying on a federal question for subject matter jurisdiction, the court looks to the " 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing Gully v. First Nat'l Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ). This "rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id.
On a motion to remand, the burden of establishing federal subject matter jurisdiction falls on the party seeking removal to the federal forum, which, in this case, is the Defendants. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994) (citing Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97, 42 S.Ct. 35, 66 L.Ed. 144 (1921) ). The Defendants argue that the Amended Complaint, absent the copyright infringement claims, still presents a federal question for two reasons.[2] First, they argue that the Counterclaim asserts a violation of the Sherman *628 Antitrust Act, a federal statute, thus it invokes federal question jurisdiction. Defs.' Opp'n at 2. However, this argument fails as "federal jurisdiction [cannot] rest upon an actual or anticipated counterclaim." Vaden v. Discover Bank, 556 U.S. 49, 60, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009).
Second, the Defendants argue that in deleting Counts Three and Four, Village Builders "has not changed the facts that it relies upon in support of the allegations in its Amended Complaint, and therefore the claims still arise under federal law because they are, as pled by Village Builders, copyright claims." Defs.' Opp'n at 3.[3] Thus, if the Amended Complaint, on its face, presents copyright infringement claims, a federal question exists. See Caterpillar, 482 U.S. at 392, 107 S.Ct. 2425.[4]
The Defendants rely on Dunlevy v. Coughlin, in which the district court found that, despite a plaintiff pleading only state law negligence claims, because they "set forth multiple causes of action arising under federal law," removal was proper under federal question jurisdiction. No. 2:15cv347, 2016 WL 595300, at *3 (E.D. Va. Feb. 10, 2016).[5] The Defendants believe that, similar to the claims in Dunlevy, the claims in the Amended Complaint are actually alleging copyright infringement because "[a]ll of the facts alleged by Village Builders remain unchanged." Defs.' Opp'n at 4.
However, as Village Builders notes, the Defendants "have failed to point to a single factual allegation in the Amended Complaint that would support this theory." Pl.'s Reply ¶ 3. In amending its Complaint, Village Builders did not change the facts; but it did alter the claims on which it seeks relief. And, such remaining claims involve different elements than a copyright infringement claim. See Maxient, LLC v. Symplicity Corp., 63 F.Supp.3d 592, 596-97 (E.D. Va. 2014) (holding that state law claims with distinct elements are not preempted by the Copyright Act).[6] Further, Village Builders' factual allegations for each count support their respective causes of action.
A copyright infringement claim requires showing that (1) the plaintiff owned a valid copyright, and (2) "the defendant copied the original elements of that copyright." Lyons P'ship, L.P. v. Morris Costumes, Inc., 243 F.3d 789, 801 (4th Cir. 2001). Counts One and Two of the Amended Complaint require proving the elements of tortious interference with a business expectancy. In Virginia, these include:
(1) the existence of a business relationship or expectancy, with a probability of *629 future economic benefit to plaintiff; (2) defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendant's intentional misconduct, plaintiff would have continued the relationship or realized the expectancy; and (4) damage to plaintiff.
Smithfield Ham & Prods. Co. v. Portion Pac, Inc., 905 F.Supp. 346, 349 (E.D. Va. 1995). Village Builders properly puts forward facts to support Counts One and Two. The Amended Complaint states that Village Builders had a business relationship with the Watsons and expected to construct their residence. Am. Compl. ¶ 40. "Cowling and Cowling Contracting had knowledge of the business relationship." Id. ¶ 41. Without Cowling and Cowling Contracting's conduct, the Watsons would have gone forward with using Village Builders in constructing their residence. Id. ¶ 42. And, such conduct resulted in a loss of over $50, 000 to Village Builders. Id. ¶ 44.
Count Three alleges misappropriation of trade secrets,[7] which requires showing (1) the existence of a trade secret, and (2) its misappropriation by a defendant. See MicroStrategy Inc. v. Bus. Objects, S.A., 331 F.Supp.2d 396, 415-16 (E.D. Va. 2004) (citing Virginia Uniform Trade Secrets Act, Va. Code Ann. §§ 59.1-336 to 59.1-343 ). The Fourth Circuit holds that this claim is not preempted by the Copyright Act. See Avtec Sys., Inc. v. Peiffer, 21 F.3d 568, 574 (4th Cir. 1994). Further, Village Builders properly alleges that it took "reasonable efforts ... to maintain the secrecy of the information contained in the Plans"; and that the Watsons misappropriated this information. Am. Compl. ¶¶ 47, 48.
Lastly, Count Four alleges unjust enrichment, which requires showing that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the conferral of the benefit; and (3) "the defendant's acceptance or retention of the benefit [was] under circumstances that 'render it inequitable for the defendant to retain the benefit without paying for its value.' " Microstrategy, Inc. v. Netsolve, Inc., 368 F.Supp.2d 533, 537 (E.D. Va. 2005) (quoting Nossen v. Hoy, 750 F.Supp. 740, 744-45 (E.D. Va. 1990) ). The Amended Complaint alleges that the Defendants received the benefit of using Village Builders' Plans to create the Watsons' residence without paying for them, and thus the Defendants were unjustly enriched. Am. Compl. ¶¶ 52-55.
In the Motion to Dismiss, the Defendants argue that the Copyright Act preempts the unjust enrichment claim because it is equivalent to a copyright infringement claim. Mot. to Dismiss at 6.[8] However, "an unjust enrichment claim may survive a preemption challenge if plaintiff[ ] demonstrate[s] that defendants were unjustly enriched by 'material beyond copyright protection.' " Netsolve, 368 F.Supp.2d at 537 (quoting Am. Movie Classics Co. v. Turner Entm't Co., 922 F.Supp. 926, 934 (S.D.N.Y. 1996) ). Village Builders asserts that the Plans, which constitute the basis for the unjust enrichment claim, included specifications and costs to construct the Watsons' residence. Pl.'s Opp'n at 3. Cowling Contracting allegedly used the *630 specifications and costs "to construct the Watson[s'] residence, allowing [it] to undercut Village Builders' price and secure a contract with the Watsons." Id. at 4. Village Builders argues that the specifications and costs are work-products that are outside the scope of copyright protection, see 17 U.S.C. §§ 101, 102(a) (8) (mandating that "architectural works" are within the scope of copyright protection, but defining such as not including "individual standard features"), and that they constitute an "additional source" of the alleged unjust enrichment. See Netsolve, 368 F.Supp.2d at 537-38. The court agrees and finds that under these circumstances, the unjust enrichment claim is not preempted by the Copyright Act.
In sum, Village Builders has put forward sufficient factual allegations underlying each claim in its Amended Complaint, none of which are preempted by the Copyright Act. Therefore, the court disagrees with the Defendants' characterization of the claims as "arising under federal law." Defs.' Opp'n at 4. Unlike the claims at issue in Dunlevy, 2016 WL 595300, at *3, Village Builders' claims are exactly what they appear to be: causes of action based upon state law.
B. Propriety of Remand
"[O]nce a post-removal amendment has eliminated federal claims and therefore only state claims (and supplemental jurisdiction) remain, 'the Court has the discretion to remand the case to the state court in which the action was initially filed.' " Boone v. CSX Transp., Inc., No. 3:17cv668, 2018 WL 1308914, at *4 (E.D. Va. Mar. 13, 2018) (quoting Harless v. CSX Hotels, Inc., 389 F.3d 444, 448 (4th Cir. 2004) ); see 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim ... if [it] has dismissed all claims over which it has original jurisdiction[.]" (emphasis added) ). In determining whether to remand a case to state court, courts should look at what "best serves the principles of economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). "A district court can [also] consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." Id. There is a strong preference to remand a case after "the district court ... loses its basis for original jurisdiction." Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 196 (4th Cir. 2002) ; see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").
After reviewing the factors put forth in Cohill, the court finds remand appropriate. It is early in the pre-trial period, therefore, the court is less concerned with fairness and judicial economy. See Crumble v. Am. Bus. Mortg. Servs., Inc., No. 3:02-cv-653, 2003 WL 24198400, at *2-3 (E.D. Va. Apr. 2, 2003) (noting that determining whether to remand a case "often will hinge on the point in the litigation at which the dismissal of the federal claims occurred." (citing Cohill, 484 U.S. at 350 n.7, 108 S.Ct. 614 ) ). The parties and the court have yet to expend significant resources on this case. Thus, neither party would be prejudiced nor inconvenienced by a remand to state court.[9]
*631 As to comity, Virginia courts are better positioned to evaluate causes of action based upon Virginia law. After all, "the primary responsibility for developing and applying state law rests with state courts." Dunlevy, 2016 WL 595300, at *4. Lastly, whether Village Builders intended to manipulate the forum should not affect the outcome. The Fourth Circuit has found remand appropriate where a plaintiff amended the complaint purporting to avoid federal court, while also claiming that he never intended to plead a federal claim. Harless, 389 F.3d at 448. Further, in the original Complaint, the "plaintiff did not specifically plead a federal cause of action," rather, it claimed common law copyright infringement, and thus the court only had jurisdiction over such claims through a "preemption-based removal." Boone, 2018 WL 1308914, at *5 (finding that because the plaintiff "did not specifically plead a federal cause of action, it is probable that ... [it] did not 'intend' to raise a federal claim" (citing Harless, 389 F.3d at 448 ) ). Accordingly, any " 'manipulation' is not severe enough to counter the other factors." Id.
III. CONCLUSION
In sum, the court finds that the Defendants have failed to satisfy their burden to show that the Amended Complaint presents a federal question. And, the court finds the factors in Cohill weigh in favor of a remand. Therefore, the court GRANTS the Motion to Remand and REMANDS this action to the Circuit Court for the County of Northampton, Virginia. Accordingly, the Defendants' Motion to Dismiss, ECF No. 7, is rendered MOOT in this court. The Defendants may raise it in the state court, as appropriate.
The Clerk is DIRECTED to forward a copy of this Memorandum Remand Order to counsel for all parties and to effect the remand to state court.
IT IS SO ORDERED.

The Counterclaim asserts four counts against the Plaintiff, Village Builders, and its President, William Thomas Doughty: Breach of Contract; Detrimental Reliance; Fraud in the Inducement; and Violations of the Sherman Antitrust Act, 15 U.S.C. § 1 etseq.

The Defendants do not, and cannot, argue that there is diversity of citizenship, as all parties are citizens of Virginia. See Am. Compl. ¶¶ 1-5.

State law claims are preempted by § 301(a) of the Copyright Act if they "are equivalent to any of the exclusive rights granted by [federal] copyright law." Rosciszewski v. Arete Assocs., Inc., 1 F.3d 225, 229-30 (4th Cir. 1993) (holding that if a state claim requires proving an extra element beyond a copyright infringement claim, "there is no preemption").

As Village Builders points out in its Reply, "to the extent Defendants attempt to assert that federal copyright law preempts all of the claims of the Amended Complaint and, therefore, all of the claims warrant federal question jurisdiction, Defendants ... failed to account for the language of the Amended Complaint that asserts several claims with distinct elements that are completely unrelated to any sort of copyright action." Pl.'s Reply ¶ 7 n.2; see supra note 3 and Part II.A (discussing the elements of each claim in the Amended Complaint).

The Defendants fail to point out, however, that in Dunlevy, the state law negligence claims that the court construed as federal claims were dismissed, and the court remanded the remaining claims to state court. 2016 WL 595300, at *4.

See supra note 3.

Counts Five and Six in the original Complaint became Counts Three and Four in the Amended Complaint.

Although the Defendants' Motion to Dismiss is moot upon remand of this matter, see infra Part III, the allegations and arguments therein, along with Plaintiff's Opposition, raise matters related to the disposition of the instant Motion to Remand.

The Defendants argue that judicial economy would be better served by retaining jurisdiction because the matter will eventually come back to federal court. Defs.' Opp'n at 5 ("[S]hould the matter be remanded, and the state court determine that Village Builders' state law claims are preempted by the Copyright Act, the case would once again have to be removed[.]"). However, as discussed supra Part II.A, the claims in the Amended Complaint are not preempted by the Copyright Act.